IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| GERALD HARTE, as executor for the ESTATE OF ALBERT P. PRUETT, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:13-cv-02035 |
| | ) ) ) | Removed from the Probate Court for Shelby County, Tennessee |
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) | (Case No. D13707) |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Metropolitan Life Insurance Company ("MetLife"), hereby gives notice of the removal of this action to this Court from the Probate Court for Shelby County, Tennessee. As grounds for this removal, MetLife states as follows:

1. On November 28, 2012, Plaintiff Gerald Harte, as executor for the Estate of Albert of Albert P. Pruett, commenced this action against MetLife, by the filing of the Petition for Mandatory Injunction to Require Metropolitan Life, Holder of Asset to Pay Proceeds of Contract to Estate, No. D13707. MetLife was served with a summons and a copy of the Complaint thereafter, within 30 days of the filing of this Notice of Removal.

2. Plaintiff is, and was at the time this action was commenced, the executor for the Estate of Albert P. Pruett, which is being administered in Shelby County, Tennessee. See Petition ¶ 1.

3. Defendant MetLife is, and was at the time this action was commenced, a corporation organized and existing pursuant to the laws of New York with its principal office at

1095 Avenue of the Americas, New York, New York.

4. This action is one in which the United States District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, based upon Plaintiff's allegation that the estate is entitled to life insurance proceeds in the amount of $90,240 under the Federal Employees Group Life Insurance Act, 5 U.S.C. § 8701 et seq. See Petition ¶ 3.

5. Exercising jurisdiction over Plaintiff's FEGLI claim will not interfere with the probate proceeding, and accordingly, there is no bar that would prevent this Court from adjudicating the matter. See Marshall v. Marshall, 547 U.S. 293, 296 (2006).

6. A copy of all process, pleadings, and orders served on MetLife in this action prior to the filing of this Notice of Removal is attached hereto as Collective **Exhibit A**, and is incorporated herein by this reference.

7. Notice of removal, together with all Exhibits, is being filed with the Probate Court for Shelby County, Tennessee. Written notice of the filing of this Notice of Removal will also be served upon counsel for Plaintiff.

WHEREFORE, MetLife, respectfully submits, based on the allegations set forth in this Notice of Removal, that this action is properly removed and requests that this Court retain jurisdiction over this action.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

By: /s/ Joshua J. Phillips
    Leigh Anne Hodge (No. 28639)
    Joshua J. Phillips (No. 25636)
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: (615) 244-2394
F: (615) 252-6394
lhodge@babc.com
jphillips@babc.com

*Counsel for Defendant Metropolitan Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2013, a true and correct copy of the foregoing was served by U.S. Mail on:

    William A. Cohn
    The Cohn Law Firm
    291 Germantown Bend Cove
    Cordova, TN 38018
    (901) 757-5557

    *Counsel for Plaintiff*

                              s/ Joshua J. Phillips